UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARYLAND CASUALTY COMPANY,

      Plaintiff,

v.                                                          Case No.  6:12-cv-1033-Orl-19TBS

EARTH INSPIRED LIVING, LLC, a Florida
limited liability company, TRACEY MILLER
SUDBOROUGH, individually and as
Personal Representative of the Estate of
Brent Miller, and on behalf of survivors Indya
Miller and G.M.,

      Defendants.

_____

## ORDER

Defendants, Tracey Miller Sudborough, individually and as Personal

Representative of the Estate of Brent Miller, and on behalf of survivors Indya Miller

and G.M. (the "Millers"), seek to exclude from evidence the report and testimony of

Plaintiff's expert witness, Principal Expert Fire and Explosion Analyst, Patrick M.

Kennedy.  (Doc. 43).  Plaintiff opposes the motion.  (Doc. 45).  The motion is due to

be granted.

## I. Background

Defendant, Earth Inspired Living, LLC ("Earth Inspired") sold an ethanol gel fuel

product called Napafire to the Millers.  (Doc. 1 at ¶¶ 6, 12).  Brent Miller poured the

Napafire into an outdoor fire pot which exploded, seriously injuring Tracey Miller

Sudborough and causing injuries to Brent Miller which resulted in his death.  (Docs. 1,

¶ 12 and 43-2 at 3).  The Millers have filed suit against Earth Inspired, alleging, inter

alia, that it sold them a dangerous product.  (Doc. 1, ¶ 11-12).  Plaintiff is an insurance

company that issued a commercial general liability policy ("Policy") with Each

Occurrence coverage of up to $1 million and a General Aggregate limit of $2 million to

Earth Inspired.  (Doc. 1 at ¶ 5).  Plaintiff offered to settle the Millers' lawsuit for $1

million on the basis that there was a single occurrence.  (Doc. 1 at ¶¶ 11, 20-21).  The

Millers rejected the offer because they say there were multiple occurrences and

therefore, the Policy limits are $2 million. (Doc. 1 at ¶ 22).  Plaintiff filed this lawsuit for

a declaratory judgment that the total coverage available under the Policy is $1 million

because "the Each Occurrence limit applies since there was one Occurrence."  (Doc.

1, ¶ 23).

The Court entered a Case Management and Scheduling Order ("CMSO") in this

case.  (Doc. 30).  The CMSO established a December 21, 2012 deadline for all parties

to disclose their experts, but it failed to set a deadline for the disclosure of rebuttal

experts.  (Id.)  The CMSO provides that the failure to disclose expert testimony "may

result in the exclusion of all or part of the testimony of the expert witness.

Fed.R.Civ.P. 37(c)(1)."  (Id. at I.E.).

On the last day to make expert witness disclosures, the Millers disclosed that

they may call James Farrell, M.D., and Charles E. Benedict, PhD., P.E., as expert

witnesses.  (Doc. 43 at 2).  Mr. Benedict has opined that there was an initial event

when Brent Miller began pouring the Napafire into the fire pot and a second event

when the flame traveled from the fire pot up the stream of fuel gel and into the bottle

of Napafire.  (Doc. 43-1 at 12).  Plaintiff did not disclose any expert witnesses prior to the deadline.  (Id.)

On January 22, 2013, Plaintiff motioned the Court to extend the time to disclose rebuttal experts.  (Doc. 38).  The motion was granted.  (Doc. 39).  On January 24, 2013, Plaintiff produced Mr. Kennedy's "Preliminary Rebuttal Report." (Doc. 43-2).  Mr. Kennedy generally agrees with Mr. Benedict on the sequence of events but he characterizes them as one "ignition sequence," and a "single fire incident."  (Doc. 43-2 at 15-16).

The Millers argue that Mr. Kennedy's opinions and report are not true rebuttal evidence, the report is deficient, and Mr. Kennedy and his report were not disclosed within the time allowed by the Court.  (Doc. 43).  Plaintiff asserts that Mr. Kennedy's testimony is rebuttal evidence because it contradicts Mr. Benedict's opinions.  (Doc. 45).  Plaintiff also contends that the Millers cannot show prejudice, the exclusion of Mr. Kennedy is an extreme and unjustified sanction, and Plaintiff does not object if the Millers want to submit rebuttal to Mr. Kennedy's rebuttal report.  (Id.)

## II. Legal Standards

Under Fed.R.Civ.P. 26(a)(2)(D), parties must make their expert disclosures "at the times and in the sequence that the court orders."  Id.  In the absence of a stipulation or court order, "evidence . . . intended solely to contradict, or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [must be made] within 30 days after the other party's disclosure." Fed.R.Civ.P. 26(a)(2)(D)(ii).  The "purpose of rebuttal evidence is to explain, repel,

counteract, or disprove the evidence of the adverse party, and the decision to permit rebuttal testimony is one that resides in the sound discretion of the trial judge." United States v. Frazier, 387 F.3d 1244, 1269 (11th Cir. 2004) (en banc).

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, . . . compliance with the requirements of Rule 26 is not merely aspirational." Cooper v. Southern Co., 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), overruled on other grounds, Ash v.Tyson Foods, Inc., 546 U.S. 454, 126 S.Ct. 1195, 163 L.Ed.2d 1053 (2006). Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Alternatively, after motion and an opportunity to be heard, the Court can order the payment of reasonable legal expenses caused by the failure; inform the jury of the party's failure; and impose other sanctions including those listed in Rule 37(b)(2)(A)(i-vi). Id.

In deciding whether the failure to provide information or identify a witness is substantially justified, courts consider the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." Mobile Shelter Systems USA, Inc. v. Grate Pallet

Solutions, LLC, 845 F.Supp.2d 1241, 1251 (M.D.Fla. 2012) (quoting Two Men & A

Truck Int'l Inc. v. Residential & Commercial Transp. Co., LLC, No. 4:08-cv-67-

WS/WCS, 2008 WL 5235115 *2 (N.D. Fla. Oct. 20, 2008)).

III. Analysis

The Millers argue that even if Mr. Kennedy was a true rebuttal witness, his

disclosure was untimely under Rule 26(a)(2)(D)(ii).  The Millers overlook that Plaintiff

disclosed Mr. Kennedy within the enlargement of time allowed by the Court for the

disclosure of rebuttal experts.  Accordingly, if Mr. Kennedy is a rebuttal witness, his

disclosure was timely.

Mr. Kennedy is not a true rebuttal witness.  Plaintiff has the burden of proving

the averments in its Complaint, including that the Millers' damages resulted from a

single occurrence.  In fact, Plaintiff asserts that "[t]he sole issue in this case is whether

a single fire incident, which injured two individuals, constitutes one or multiple

'occurrences' under [the Policy]."  (Doc. 45 at 1).  Plaintiff seeks to offer Mr. Kennedy's

testimony and report on this issue.  Thus, it is clear that Plaintiff's characterization of

Mr. Kennedy's opinion and report as rebuttal evidence is disingenuous at best.  His

evidence goes directly to the proof of the averments in Plaintiff's Complaint.  The

Court finds that Mr. Kennedy is an expert witness whose identity and report should

have been disclosed no later than December 21, 2012.  If the law was otherwise,

plaintiffs could routinely evade their obligations under Rule 26 and case management

orders by withholding the opinions of their expert witnesses until after the defense

makes its disclosure, and then designating their experts as rebuttal witnesses.

Plaintiff has not complied with the CMSO, and its failure to identify Mr. Kennedy and

disclose his report on or before December 21, 2012 was not substantially justified

inasmuch as Plaintiff has not offered any explanation for its failure to comply with the

CMSO.

In his report, Mr. Kennedy writes "[t]his is a preliminary rebuttal report based on

the investigation to date."  (Doc. 43-2 at 5).  The Court does not know whether Mr.

Kennedy has updated, supplemented, or finalized his report.  The Millers challenge

the completeness of Mr. Kennedy's report on the ground that it does not provide the

"basis and reasons" for his opinions in violation of Fed.R.Civ.P. 26(a)(2)(B).  "The

purpose of expert reports and a deadline for serving them is to put an opposing party

on notice of what it must contend with at trial."  Goshawk Dedicated Ltd. v. American

Viatical Services, LLC, No. 1:05-cv-2343-RWS, 2013 WL 424891 *3 (N.D. Ga. Feb. 4,

2013) (quoting Cochran v. Brinkmann Corp., No. 1:08-cv-1790-WSD, 2009 U.S. Dist.

LEXIS 114895 *14 (N.D. Ga. Dec. 9, 2009)).  Mr. Kennedy's report lists the materials

he reviewed; it states that he employed the scientific method; and it contains a list of

his findings, conclusions and opinions.  (Doc. 43-2).  However, Mr.Kennedy's report

does not explain the reasoning behind his conclusions and opinions and

consequently, does not satisfy the requirements of Rule 26.

Although Plaintiff's failure to comply with the CMSO was not substantially

justified, there is sufficient time before trial to cure any prejudice the Millers have

experienced and therefore, the exclusion of Mr. Kennedy's evidence would be too

harsh a sanction.  Instead, the Court ORDERS that:

1.  Mr. Kennedy's Preliminary Rebuttal Report (Doc. 43-2) is STRICKEN.

2.  Plaintiff has 10 days from the rendition of this Order within to serve Mr. Kennedy's final report on the Millers.  The final report shall contain the reasons underlying Mr. Kennedy's conclusions and opinions.

3.  The Millers will have 30 days from their receipt of Mr. Kennedy's final report within to disclose any expert rebuttal testimony they may wish to offer.

4.  The Millers are awarded their reasonable attorney's fees and costs for reviewing Mr. Kennedy's Preliminary Rebuttal Report, conferring with Plaintiff's counsel, preparing and filing their amended motion to strike (Doc. 43), and reviewing Plaintiff's response to the amended motion (Doc. 45).  If the parties are unable to agree on the amount and terms of payment within 10 days from the rendition of this Order then the Millers shall have an additional 14 days within to file their application for fees and costs and upon the filing of the application, Plaintiff shall have 14 days to respond.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on March 7, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

-7-